**Joel Cajio ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–91–00591–CR.**

Court of Appeals of Texas,
Houston (14th Dist.),

June 25, 1992.

Ernest F. Clouser, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

### ORDER

PER CURIAM.

On September 19, 1991, this court ordered The Hon. William T. Harmon, Judge, 178th Judicial District, to conduct a hearing to determine whether the appellant, Joel Cajio Ortiz, has been deprived of a statement of facts because of ineffective assistance of counsel or for any other reason. This court ordered Judge Harmon to make findings of fact and conclusions of law, appoint counsel if necessary, and transmit the record of the hearing to our court. TEX.R.APP.P. 53(m). On March 5, 1992, and again on April 27, 1992, this court sent letters reminding The Hon. William T. Harmon of the order of September 19, 1991.

No record of the hearing has yet been filed with this court.

We now order the Hon. William T. Harmon to hold a hearing and submit the required findings and record of the hearing in compliance with our order of September 19, 1991 (a copy is attached), on or before July 24, 1992. If the Hon. William T. Harmon does not timely comply as ordered, we will issue a show cause order directing the Hon. William T. Harmon to appear before this court on a date certain to show cause why he should not be held in contempt for failing to comply with this order.

### APPENDIX

Before ROBERTSON, SEARS and DRAUGHN, Justices.

### ORDER

[Filed September 19, 1991]

PER CURIAM.

Appellant entered a plea of guilty before the court to the offense of possession of a controlled substance, cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 1991)[1]. He was convicted and the court assessed punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for five (5) years (probated) and a $500.00 fine.

Appellant is represented by retained counsel, Ernest F. Clouser. On August 5, 1991, time to file a statement of facts expired and no timely motion for extension of time was filed. TEX.R.APP.P. 54(b) and (c). Counsel and the trial court were notified on August 7, 1991 that no statement of facts had been filed and that the appeal could be submitted on the transcript alone. No satisfactory response has been received.

Pursuant to TEX.R.APP.P. 53(m) (a copy of which is attached) the judge of the 178th District Court of Harris County shall (1) conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall

---

1. Formerly TEX.REV.CIV.STAT.ANN. Art. 4476–15    § 4.04.

674

be present, to determine whether appellant has been deprived of a statement of facts because of ineffective assistance of counsel on appeal or for any other reason, (2) make appropriate findings of fact and conclusions of law, (3) appoint counsel if necessary, (4) prepare a record of the hearing in the form of a statement of facts. The record shall be filed with the clerk of this court at or before noon on October 24, 1991.

Any extension of time for filing the record of the trial of this cause must be submitted to and ruled upon by the Fourteenth Court of Appeals.